IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ALLEN MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-483-GMB |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

On April 16, 2015, Plaintiff John Allen Minor applied for supplemental security income and disability insurance benefits under the Social Security Act, alleging a disability onset date of April 16, 2014. Minor's claim was denied at the initial administrative level. Minor requested a hearing before an Administrative Law Judge ("ALJ"). On April 14, 2017, the ALJ denied Minor's claims. Minor requested a review of the ALJ's decision by the Appeals Council, and that request was denied, making the ALJ's decision the final decision of the Commissioner of Social Security.

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. After thoroughly reviewing the record and the parties' arguments, and for the reasons stated herein, the court finds that the ALJ applied proper legal standards

and her decision is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed, as set forth below.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239. The court

must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant performing substantial gainful activity?
(2) Does she have a severe impairment?
(3) Does she have a severe impairment that equals one of the specific impairments set forth in 20 C.F.R. Pt. 404, Sub pt. P, App. 1?
(4) Is the claimant able to perform past relevant work? and
(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Minor was 32 years old on the application date. He reported completing the twelfth grade and attending special education classes. Doc. 17-6 at 13. He has past work as a bagger in a grocery store and as a dishwasher. Doc. 17-6 at 13.

The ALJ conducted an administrative hearing and a supplemental hearing. Doc. 17-3 at 5. The ALJ found that Minor suffered from the severe impairments of cognitive disorder not otherwise specified and depression. Doc. 17-3 at 7. Despite these

4

impairments, the ALJ found, at step three of the analysis, that Minor did not have an impairment or combination of impairments that meets or medically equals the severity of one of those listed in the applicable regulations. Doc. 17-3 at 7.

The ALJ further found, at steps four and five, that Minor has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: his work should be limited to simple, routine, and repetitive tasks. He is able to concentrate for two hours at a time with customary work breaks. He should have casual interaction with supervisors and coworkers, and no more than occasional casual interaction with the public. Doc. 17-3 at 12. The ALJ found that Minor could perform his past relevant work as kitchen helper. Doc. 17-3 at 25. Based on the testimony of a vocational expert ("VE"), the ALJ found there were a significant number of other jobs in the national economy that Minor could perform. Doc. 17-3 at 26.

In reaching her findings, the ALJ considered therapy Minor received from Julie Sanders, CRNP ("Sanders") and from James Gooden, M.S. ("Gooden") in 2016. The ALJ noted that Minor was found to have disorganized thoughts and to report hearing echoes, but noted that objective findings show Minor was calm and cooperative. Doc. 17-2 at 29. The ALJ states that Sanders and Gooden are not acceptable medical sources, but that she fully considered their statements and found their opinions to be inconsistent with the record as a whole, including the consultative examination findings. Doc. 17-2 at 31.

The ALJ relied on the psychological consultative examination of psychological consultative examiner Daniel Clark, Ph.D. ("Clark") in 2015 and stated that Clark noted that Minor was vague, inconsistent, and a poor historian, but his thought was logical and

there was no overt psychotic intrusion. Doc. 17-2 at 30. The ALJ set out Clark's opinion that Minor is not significantly impaired in his ability to respond appropriately to supervision, coworkers, or work pressures in a work setting, but is mildly to moderately impaired in his ability to understand, remember, and carry out instructions. Doc. 17-2 at 30. The ALJ stated that she gave this opinion great weight because Clark is a one-time examining source with knowledge of agency regulations who conducted a comprehensive evaluation of Minor and whose opinion is consistent with the record as a whole. Doc. 17-2 at 31.

The ALJ also considered the opinion of State agency psychological consultant Samuel D. Williams, M.D. ("Williams") from 2015. It was Williams' opinion that Minor has moderate restrictions in activities of daily living, moderate difficulties in maintaining social functions, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. Doc. 17-2 at 30. The ALJ noted Williams' opinion that Minor could understand and remember simple instructions and carry out short and simple instructions, could concentrate for 2-hour periods on simple tasks with customary breaks, may miss 1-2 days a month, and his interaction with the general public and co-workers should be casual. Doc. 17-2 at 30. The ALJ gave this opinion significant weight because it was from a non-examining specialized source who had the benefit of a comprehensive medical treatment history and it was generally consistent with the record as a whole. Doc. 17-2 at 30.

The ALJ further considered consultative examination opinions from Marian Hargrove, Ph.D. from 2010 and Karen Harrison-Hollinger, Psy.D. from 2013, that Minor's

6

abilities to understand, remember, and carry out simple instructions and respond appropriately to supervision, co-workers, and work pressures would be moderately impaired and would limit him to unskilled or semi-skilled jobs, even though the ALJ accorded them only some weight, noting that they were rendered before the alleged onset date. Doc. 17-2 at 31.

Ultimately, the ALJ concluded that Minor was not disabled within the meaning of the Social Security Act and denied Minor's claims.

## IV. DISCUSSION

Minor presents one issue to this court: whether the RFC determination is unsupported by substantial evidence because the ALJ erred in weighing and evaluating the opinion evidence.

As noted above, the ALJ gave great weight to the opinion of psychological consultative examination of Clark that Minor is not significantly impaired in his ability to respond appropriately to supervision, coworkers, or work pressures in a work setting, but is mildly to moderately impaired in his ability to understand, remember, and carry out instructions, and to the opinion of State agency psychological consultant Williams that Minor was not significantly limited in his ability to understand, remember, and to carry out very short and simple instructions. Doc. 17-2 at 30-1.

Minor's position is that Williams' and Clark's opinions are in conflict with the other medical evidence and that the ALJ should not have given weight to those opinions. In support of his position, Minor argues that the ALJ improperly discounted the opinion of Gooden and Sanders. Minor argues that the ALJ discounted their opinions as being

7

inconsistent with the record, but Minor contends that their opinions were consistent with the record, including Hargrove and Harrison-Hollinger's opinions. Minor cites to legal authorities for the proposition that nurse practitioners and therapists may be used to show the severity of an impairment and how it affects a claimant's ability to work. Minor also argues that giving weight to Williams' opinion is not supported by substantial evidence and was error because although the ALJ stated that the opinion was based on the mental treatment history, the opinion was offered before treatment by Gooden and Sanders. Minor finally argues that the ALJ failed to provide an explanation for why the ALJ discounted the opinion offered by Harrison-Hollinger that Minor needs close supervision to perform simple tasks.

The Commissioner responds that the ALJ properly discounted the opinions from Sanders and Gooden as they are not acceptable medical sources and their opinions were inconsistent with the opinions from several acceptable medical sources, including Clark and Williams. The Commissioner points out that the ALJ further stated that great weight was given to Williams' opinion because the ALJ found the opinion generally consistent with the record as a whole. Doc. 17-2 at 30. Finally, the Commissioner responds that the ALJ observed that the opinions of Hargrove and Harrison-Hollinger were before the relevant period so only due "some weight," but that the ALJ's findings that Minor was limited to simple tasks is consistent with Hargrove's opinion that he was limited to simple tasks and Harrison-Hollinger's opinion that Minor was capable of performing simple tasks.

The regulations define RFC as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). The ALJ will

"assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). The ALJ's determination must be supported by substantial evidence. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In this case, the ALJ's RFC determination is supported by Williams' opinion that Minor was not significantly limited in his ability to understand, remember, and to carry out very short and simple instructions. Doc. 17-3 at 67. The ALJ's determination also is supported by Clark's opinion that Minor is mildly to moderately impaired in his ability to understand, remember, and carry out instructions. Doc. 17-2 at 30.

Minor's position that the ALJ should not have given weight to those opinions, but should have instead credited the opinions of Sanders and Gooden, asks this court to invade the province of the ALJ. *See, e.g., Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of evidence is a function of the [ALJ], not of the district court."). The ALJ explained the reasons she weighed Williams' and Clark's opinions more heavily. The ALJ gave the opinion of consultative examiner Clark "great weight" because he gave a comprehensive evaluation and his opinion was consistent with the record as a whole, including his examination findings. Doc. 17-2 at 31. The ALJ similarly found Williams' opinion consistent with the record as a whole. Doc. 17-2 at 31. The ALJ considered the opinions of Sanders and Gooden, even though they are not acceptable medical sources. Doc. 17-2 at 31. She specifically noted their opinions that Minor has a major limitation in

9

his ability to carry out very short and simple instructions. Doc. 17-2 at 31. She stated that she found these opinions inconsistent with the record as a whole, including the consultative examination findings. *See Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784 (11th Cir. 2016) ("While the ALJ was required to consider the opinions of Buckland and Shue as other medical sources, the ALJ was not required to give their opinions controlling weight over the opinions of acceptable medical sources."). Additionally, the ALJ gave only some weight to the opinions of Hargrove and Harrison-Hollinger, who were consultative examiners whose opinions were in the record. Doc. 17-2 at 31. The ALJ only gave some weight to these opinions because they were offered before the application and onset dates. Doc. 17-2 at 31.

In short, the ALJ's RFC is supported by two medical opinions for which she gave great weight, and any conflicting opinions were given by sources for which the ALJ articulated reasons for giving less weight. The court cannot conclude that the ALJ erred. *See Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 903 (11th Cir. 2012) (holding that "the ALJ properly explained the weight it gave to various medical opinions, clearly articulated its reasons, and did not err by crediting the opinions of non-treating sources over a treating one"). Furthermore, Hargrove's opinion supports Williams' and Clark's opinions. Hargrove offered the opinion that the impairment to Minor's ability to understand, remember, and carry out simple instructions would limit him to jobs that are

classified as unskilled or semi-skilled, which supports that his limitation would allow him to perform jobs that require simple tasks. Doc. 17-7 at 310.[1]

The ALJ's decision reflects that she considered and weighed all of the medical evidence and considered all of the evidence of Minor's condition as a whole. The ALJ's RFC was supported by substantial evidence. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence").

## V. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards and it is therefore ORDERED that the decision of the Commissioner denying benefits is AFFIRMED. A final judgment will be entered separately.

DONE this 4th day of June, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[1] Harrison-Hollinger's opinion also supports Williams' and Clark's opinions that Minor could perform simple tasks, but included that Minor required close supervision. The ALJ expressly noted the supervision aspect of Harrison-Hollinger's opinion, but did not adopt it in the RFC. It is clear that the ALJ considered Harrison-Hollinger's report, but did not weigh that opinion as heavily.